**Jerry A. GARLAND, Plaintiff,**

v.

**CLINCHFIELD RAILROAD COMPANY,
etc., Defendant.**

**No. CIV–2–80–41.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

March 5, 1981.

J. B. Blumenstiel, Columbus, Ohio, and Walter L. Price, Johnson City, Tenn., for plaintiff.

William T. Gamble, Kingsport, Tenn., and Thomas J. Seeley, Jr., Erwin, Tenn., for defendant.

MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The plaintiff moved the Court for an order that the testimony at deposition of 2

named persons be recorded by other than stenographic means. Rule 30(b)(4), Federal Rules of Civil Procedure. Any such order is required *inter alia* to " * * * designate the person before whom the deposition shall be taken * * *." *Idem.* The purpose of this requirement is " * * * to encourage the naming of the recording technician as that person, eliminating the necessity of the presence of one whose only function is to administer the oath. * * *" Advisory Committee Note to Rule 30(b)(4), *supra*, reprinted in 80 F.R.D. 323, 337.

Since the plaintiff failed to specify the person[1] before whom he proposes to take the depositions, the Court is unable to comply with the provisions of Rule 30(b)(4), *supra*, and for such reason, the motion hereby is

DENIED.[2]

---

1. The Court does not consider Multi Video Service, Inc. to be a "person" within the meaning of Rule 30(b)(4), *supra*. The Advisory Committee Note, *supra*, seems to contemplate the naming of an individual, not a corporate, party.

2. Before seeking an order of the Court under Rule 30(b)(4), *supra*, the parties should attempt to stipulate these matters. That rule was amended " * * * to encourage parties to agree to the use of electronic recording of depositions. * * *" Advisory Committee Note, *supra*.